UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| | : | |
| TERRELL WYNN, | : | CASE NO. 3:21-cv-02405 |
| | : | |
| Petitioner, | : | OPINION & ORDER |
| | : | [Resolving Docs. 1, 20, 21] |
| v. | : | |
| | : | |
| DOUGLAS FENDER, | : | |
| | : | |
| Respondent. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Petitioner Terrell Wynn is currently serving a 40-year state sentence for multiple rape convictions. Wynn now petitions for the Court for a writ of habeas corpus under 28 U.S.C. § 2254. With his petition, Wynn raises three claims: (1) prosecutorial misconduct, (2) cruel and unusual punishment in retaliation for invoking Wynn's jury trial right, and (3) ineffective assistance of appellate counsel.[1]

Pursuant to the Local Rules, the Court referred Wynn's habeas petition to a Magistrate Judge. In a report and recommendation (R&R), the Magistrate Judge recommended denying Wynn's petition because Wynn's claims were either procedurally defaulted or not cognizable.[2] Wynn timely objected to the R&R.[3] Respondent did not reply.

Because the Magistrate Judge correctly reasoned that Wynn defaulted on his claims, the Court **OVERRULES** Wynn's objections, **ADOPTS** the R&R, and **DENIES** Wynn's habeas petition.

---

[1] Doc. 1.
[2] Doc. 20.
[3] Doc. 21.

Case No. 3:21-cv-02405
GWIN, J.

## I.    BACKGROUND

### A.  Factual Background[4]

From April to June of 2018, Petitioner Wynn raped four women.

Wynn met his first victim when he solicited oral sex from her on the website, "Skip the Games."  Wynn's first victim tried to leave after the oral sex, but Wynn threatened her with a gun.  Wynn then pinned his first victim to the floor and forcibly penetrated her.

Wynn also met his second and third victims through "Skip the Games."  Wynn met these two victims on separate occasions after soliciting commercial sex from them.  On both occasions, when Wynn's victims brought up payment, Wynn became angry and physically assaulted both victims before raping them.

Wynn met his fourth victim through a dating app.  After Wynn picked up his fourth victim for a coffee date, Wynn instead brought her to an area with loading docks.  There, Wynn forced his fourth victim into his car's backseat and hit her head until she had sex with him.

### B.  Procedural History

On July 13, 2018, a grand jury indicted Petitioner Wynn on four counts of rape.[5]  On November 30, 2018, a jury found Wynn guilty on all four counts.[6]  The trial court sentenced Wynn to 10 years for each count, to be served consecutively, for an aggregate 40-year sentence.[7]

Wynn appealed his conviction and sentence, claiming that there were three errors.

---

[4] The Court draws on the state appellate court's summary of the facts for this section. *State v. Wynn*, No. L-19-1003, 2020 WL 3542168 (Ohio Ct. App. June 30, 2020).  Because Wynn has not attempted to rebut the state court's factual findings, the Court presumes that those factual findings are correct.  *See* 28 U.S.C. § 2254(e)(1).

[5] Doc. 15-1 at 170–72.  For ease and consistency, all record citations are to the ECF-generated PageID number.

[6] *Id.* at 176–79.

[7] *Id.* at 183.

Case No. 3:21-cv-02405
GWIN, J.

First, Wynn said that his convictions were against the manifest weight of the evidence.[8]

Second, Wynn argued that the trial court mistakenly admitted character evidence under Ohio

Rule of Evidence 404(B).[9]  And finally, Wynn claimed that record evidence did not support

his sentence's length.[10]

The Ohio Court of Appeals rejected Wynn's arguments.[11]

Wynn later sought to file a delayed appeal to the Ohio Supreme Court due to COVID-

19.[12]  The Ohio Supreme Court granted Wynn's request.[13]

In his delayed appeal to the Ohio Supreme Court, Wynn raised the same three issues

that Wynn had raised in his appeal to the intermediate appellate court.[14]  But Wynn also

raised six new arguments.  Namely, Wynn argued that (a) appellate counsel was ineffective

for failing to object to the joinder of multiple victims into a single trial; (b) trial counsel was

ineffective for failing to properly advocate during jury selection; (c) prosecutors committed

misconduct; (d) law enforcement improperly obtained a search warrant; (e) the trial court

attempted to coerce Wynn into accepting a plea; and (f) prosecutors made objectionable

closing arguments.[15]

The Ohio Supreme Court declined jurisdiction.[16]

Following his direct appeal, Wynn applied to re-open his appeal under Ohio Rule of

Appellate Procedure 26(B).[17]  In his application, Wynn made three arguments.  First, Wynn

---

[8] Doc. 15-1 at 196.
[9] *Id.*
[10] *Id.*
[11] *Id.* at 274–94.
[12] *Id.* at 299–303.
[13] *Id.* at 329.
[14] *Id.* at 332.
[15] *Id.*
[16] *Id.* at 401.
[17] *Id.* at 403–09.

Case No. 3:21-cv-02405
GWIN, J.

argued that appellate counsel was ineffective for failing to argue that Wynn's jury was improperly selected.[18]  Second, Wynn claimed that there was prosecutorial misconduct.[19] And finally, Wynn said that law enforcement improperly obtained a search warrant.[20]

Subsequently, Wynn moved to supplement his application with additional arguments. Wynn argued that the trial court tried to coerce him into agreeing to a plea deal, and Wynn raised two more instances of alleged prosecutor misconduct.[21]

The Ohio Court of Appeals denied Wynn's Rule 26(B) application.[22]  Wynn did not further appeal to the Ohio Supreme Court.

## II.    LEGAL STANDARD

Before a federal court can consider a state defendant's habeas claim, the state defendant must fairly present that claim to every level of the state court system.[23]  If the state defendant failed to fairly present his habeas claim, and the time deadline for presenting his habeas claim to the state courts has passed, then the state defendant has procedurally defaulted his claim.[24]  After defaulting a claim, the state defendant is not allowed to raise that claim in a federal habeas petition unless he can show cause and prejudice.[25]

## III.    DISCUSSION

Each of Wynn's habeas claims is procedurally defaulted.

To begin, Wynn never presented his second habeas claim—that his sentence was

---

[18] Doc. 15-1 at 404–06.
[19] *Id.* at 406–08.
[20] *Id.* at 408.
[21] *Id.* at 426–29.
[22] *Id.* at 460–68.
[23] *Priest v. Hudson*, 655 F. Supp. 2d 808, 837 (N.D. Ohio 2009).
[24] *Id.*; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).
[25] *Theriot v. Vashaw*, 982 F.3d 999, 1005 (6th Cir. 2020).

- 4 -

Case No. 3:21-cv-02405
GWIN, J.

cruel and unusual in retaliation for exercising his jury trial right—to any state court.[26] That is sufficient to default Wynn's second claim because the deadlines for any further state proceedings have passed.

Although Wynn attempted to present his first and third habeas claims—prosecutorial misconduct and ineffective assistance of appellate counsel—to the Ohio Supreme Court on direct appeal, Wynn did not do so properly.

The Ohio Supreme Court only considers constitutional claims that a state defendant first raises to the Ohio Court of Appeals below.[27] Because Wynn did not raise prosecutorial misconduct or ineffective assistance of appellate counsel in the Ohio Court of Appeals before appealing to the Ohio Supreme Court, Wynn failed to properly present those claims to the Ohio Supreme Court.[28]

As the deadlines for any further state proceedings on Wynn's first and third habeas claims have passed, Wynn procedurally defaulted those habeas claims as well.[29]

Wynn does not give any argument for excusing his procedural defaults. Instead, Wynn suggests that he did not default his claims because the Ohio Supreme Court allowed Wynn to file a delayed appeal due to COVID-19.[30]

Wynn misunderstands the reason for his defaults. Wynn defaulted his claims not because his appeal to the Ohio Supreme Court was untimely, but rather because Wynn

---

[26] To the extent that Wynn tried to present this habeas claim to the Ohio Supreme Court by challenging the trial court's alleged efforts to coerce him into accepting a plea on direct appeal, Wynn failed to properly present the claim to the Ohio Supreme Court because Wynn did not raise it in the Ohio Court of Appeals on direct appeal. *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985) (citation omitted) ("The Ohio Supreme Court has stated that it will not consider constitutional claims not raised and preserved in the Ohio Court of Appeals.").

[27] *Leroy*, 757 F.2d at 99.

[28] In any event, Wynn could not have properly raised ineffective assistance of appellate counsel on direct appeal; Wynn had to do so in a Rule 26(B) application. *Carter v. Mitchell*, 693 F.3d 555, 564 (6th Cir. 2012). But Wynn did not appeal the denial of his Rule 26(B) application to the Ohio Supreme Court.

[29] So far as Wynn's third claim attempts to raise a state law issue, the Court agrees with the R&R that such state law issues are not cognizable in federal habeas.

[30] Doc. 21 at 1921–23.

Case No. 3:21-cv-02405
GWIN, J.

attempted to raise claims to the Ohio Supreme Court that he did not make on direct appeal to the Ohio Court of Appeals.  The fact that the Ohio Supreme Court extended Wynn's appeal deadline is irrelevant to the procedural default here.

As a final argument, Wynn urges the Court to rule on his ineffective assistance of appellate counsel claim because it appears to raise an issue of first impression.[31]  That may be so, but a habeas claim's novelty is not cause and prejudice for excusing procedural default.

## IV.    CONCLUSION

For the reasons given above, the Court **OVERRULES** Wynn's objections, **ADOPTS** the R&R, and **DENIES** Wynn's petition for a writ of habeas corpus.  Because no reasonable jurist would reach a different conclusion, the Court also **DENIES** a certificate of appealability.[32]

IT IS SO ORDERED.


Dated: July 31, 2024                                    *s/      James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE

---

[31] Doc. 21 at 1919–21.
[32] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).